UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAVE PAK, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:21CV990 HEA |
| | ) |
| BUNZL DISTRIBUTION NORTHEAST, | ) |
| LLC.,[1] | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss as to Counts Two, Three and Six, [Doc. No. 24]. Plaintiff Rave Pak, Inc. opposes the motion. For the reasons set forth below, the Defendant's Motion will be granted. Plaintiff will be granted leave to file an Amended Complaint.[2]

**Facts and Background**

On December 4, 2020, Plaintiff filed this contract dispute action in the Superior Court of New Jersey, Middlesex County, alleging six counts against Defendant for Breach of Contract (Count One), Book Account (Count Two),

---

[1] Plaintiff's Complaint incorrectly names Defendant as "Bunzl USA, Inc." Defendant asserts the correct name for the pleading should be "Bunzl Distribution Northeast, LLC."

[2] Leave to amend should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2).

Account Stated (Count Three), Unjust Enrichment (Count Four), Quantum Meruit (Count Five) and Promissory Estoppel (Count Six).

Defendant subsequently removed this action to federal court in the District of New Jersey pursuant to the Court's diversity jurisdiction and filed a Motion to Transfer to this Court[3] because of the parties' forum-selection clause, which was granted.

After the case was transferred to this Court, Defendant moved to dismiss Counts Two, Three and Six pursuant to Fed.R.Civ.P. 12(b)(6), which Plaintiff opposes.

Plaintiff's Complaint alleges, in pertinent part:

Plaintiff, a New York corporation, is in the business of designing, sourcing, and distributing sustainable packaging for the foodservice industry and has an office in Glen Head, New York, and warehouse and shipping operations located in New Jersey. Defendant is in the business of outsourcing and distributing packaging products.

In 2018, Defendant had an arrangement to provide custom-made containers and lids to an entity called Kettlebell Kitchen ("Kettlebell"), which was located in New Jersey. In order to meet Kettlebell's demands, Defendant required a ready inventory of containers and lids and contracted with Plaintiff to manufacture and

---

[3] Defendant also filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim, which was denied without prejudice because this matter was transferred.

provide containers and lids for Kettlebell through unique, custom-made prototype tooling, manufacturing tooling, and lamination tooling. Plaintiff incurred the cost of the tooling, manufacturing, and storing the containers and lids that were requested by Defendant.

The containers and lids were manufactured in accordance with Defendant's detailed specifications, which included precise sizing requirements, and customized embossing on the containers and lids that included Kettlebell's logo, its slogan: "Feed the Champion in You," and the message "Microwave & Oven Safe."

Initially, the custom-made inventory was manufactured overseas and shipped in ocean containers, at Plaintiff's expense, either to Defendant or directly to Kettlebell. Plaintiff issued invoices that were paid by Defendant.

In or around April 2019, Defendant insisted that an increased inventory of containers and lids be maintained in Plaintiff's Edison warehouse to ensure that Defendant could meet Kettlebell's demands more promptly.

Toward that end, Defendant issued "blanket purchase orders" through which it requested Plaintiff to manufacture and store a "par" number of containers and lids to fill Kettlebell's future orders.

Plaintiff fulfilled Defendant's blanket purchase orders and maintained the par inventory that Defendant demanded both at Plaintiff's Edison warehouse, and at the factory warehouse in China.

In November 2019, Plaintiff issued the following invoices for containers and lids that had been ordered by Defendant through blanket purchase orders:

| Date | Invoice # | Product | Qty | Sales Price | Amount | Inv. Total |
|---|---|---|---|---|---|---|
| 11/7/19 | 1911-20 | 501100 (KBK Laminated Fiber Lid, 500/case) | 1113 | 53.98 | $60,079.74 | |
| 11/7/19 | 1911-20 | 501100 (KBK 20oz. Lam. Fiber Tray, 500/case) | 512 | 69.24 | $35,450.88 | |
| 11/7/19 | 1911-20 | 501128 (KBK 28oz. Lam. Fiber Tray, 500/case) | 417 | 86.55 | $36,091.35 | |
| | | | | | | $131,621.97 |
| 11/7/19 | 1911-21 | 501100 (KBK Laminated Fiber Lid, 500/case) | 1617 | 53.98 | $87,285.66 | |
| 11/7/19 | 1911-21 | 501120 (KBK 20oz. Lam. Fiber Tray, 500/case) | 542 | 69.24 | $37,528,08 | |
| 11/7/19 | 1911-21 | 501128 (KBK 28 oz. Lam. Fiber Tray, 500/case) | 11 | 86.55 | $952.05 | |
| | | | | | | $125,765.79 |
| | | | | | Total Amt: | $257,387.76 |

Defendant has not paid the $257,387.76 that remains due and owing to Plaintiff. Plaintiff has attempted to mitigate its damages, but has been unable to find a buyer willing to purchase the inventory. Additionally, Plaintiff is maintaining the inventory and is incurring on-going storage costs in the amount of approximately $876 per month for the inventory being stored at the Edison warehouse, and approximately $675 per month for inventory being stored at the factory warehouse in Shandong, China.

Despite Plaintiff's repeated demands, Defendant has refused to pay the amounts owed to Plaintiff.

4

## Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017), quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint "must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.,* quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible when "the plaintiff pleads

5

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.,* quoting *Iqbal,* 556 U.S. at 678.

## Discussion

### Book Account Claims

As to Plaintiff's book account claim (Count Two), Defendant argues this is not a claim recognized under Missouri law and should be dismissed. Defendant contends there was a valid choice-of-law clause with the parties' forum-selection, agreeing that the substantive law of Missouri will govern any claims in this action. Plaintiff argues it is premature to dismiss Count Two and mentions there may potentially be a choice-of-law issue, but does not develop any support for its argument and just states the viability of Count Two can be revisited.

It appears from the pleadings that Missouri law applies. Even Plaintiff applies Missouri law in its Memorandum in Opposition to Defendant's Motion to Dismiss when discussing its position in support of Counts Three and Six. Therefore, because there is no cause of action under Missouri law for a book account claim and Plaintiff does not make any valid argument that there is a choice-of-law issue for the Court to consider, Count Two will be dismissed.

### Account Stated Claims

Count Three of Plaintiff's Complaint alleges an account stated claim. An account stated is an agreement between parties, having had previous financial

6

transactions, that a balance struck is correct and due between them, and a promise by the debtor, either express or implied, to pay the balance." *Grant Selsor & Sons Lumber Co. v. Wood*, 872 S.W.2d 150, 153 (Mo. Ct. App. 1994). To establish a claim for account stated, the claimant must establish that "(1) the parties had prior financial dealings, an open account; (2) the parties reached an agreement as to the amount due and owing on that account; and (3) the debtor acknowledged this obligation and made an unconditional promise to pay." *Scheck Indus. Corp. v. Tarlton Corp.*, 435 S.W.3d 705, 721-22 (Mo. Ct. App. 2014) (quoting *Grant Selsor & Sons Lumber Co.,* 872 S.W.2d at 153). "In the absence of an express promise to pay, the retention of the account rendered for a reasonable time without objection admits to the account and implies a promise to pay." *Interstate Distrib., Inc. v. Freeman,* 904 S.W.2d 481, 483 (Mo. Ct. App. 1995).

Defendant argues that Plaintiff fails to plead sufficient facts to state a claim for account stated. The Court agrees. Simply alleging that an invoice was submitted, and Defendant did not pay Plaintiff fails to sufficiently plead facts that the parties reached an agreement as to the amount due. Plaintiff fails to "plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McShane Constr. Co., LLC* 867 F.3d at 927, *quoting Iqbal*, 556 U.S. at 678; *see also Metro. Omaha Prop. Owners*

7

*Ass'n, Inc. v. City of Omaha*, No. 20-1006, 2021 WL 952678, at *2 (8th Cir. Mar. 15, 2021). As such, the Court will dismiss Count Three.

### Promissory Estoppel Claims

Defendant does not contend that Plaintiff's promissory estoppel claim (Count Six) fails to plead sufficient facts to state a claim, but argues it should be dismissed because Plaintiff has an adequate legal remedy under its other claims. Under Missouri law, if an express contract exists between the parties, as it does here, promissory estoppel is not available as an equitable remedy. *Chesus v. Watts*, 967 S.W.2d 97, 106 (Mo. Ct. App. 1998). Plaintiff correctly acknowledges that Missouri law prevents simultaneous recovery under both express contract and quasi-contract claims, but argues it is still allowed to plead alternative theories. However, because Plaintiff does not state that its claim of promissory estoppel is plead in the alternative, Count Six will be dismissed.

### Conclusion

Based upon the foregoing analysis, Defendant's Partial Motion to Dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss as to Counts Two, Three and Six only [Doc. No. 24], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum, and Order to file an Amended Complaint.

Dated this 30th day of March, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE